IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHIRLEY DAVIS, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-17-1579 |
| | § | |
| TEXAS HEALTH AND HUMAN SERVICES COMMISSION, | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS***

The plaintiff, Shirley Davis, filed a motion to appeal *in forma pauperis* without prepaying the required fees. (Docket Entry No. 34). Title 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure govern the determination of applications to appeal without prepayment. Rule 24 states that a party "who desires to appeal in forma pauperis must file a motion in the district court," attaching an affidavit that: (1) "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs"; (2) "claims an entitlement to redress"; and (3) "states the issues that the party intends to present on appeal." FED. R. APP. P. 24(a)(1). Section 1915 states, in relevant part, that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). If the district court denies a motion for leave to appeal *in forma pauperis*, "it must state its reasons in writing." FED. R. APP. P. 24(a)(2).

To appeal without prepaying fees, a party must show not only that she lacks the financial ability to pay the required fees, but also that the appeal is taken in good faith. *United States v.*

1

*Fulton*, 469 F. App'x 322, 323 (5th Cir. 2012). "'Good faith' is demonstrated when a party seeks appellate review of any issue not frivolous." *Thomas v. Prof'l Law Firm & Corp. of Barret, Daffin, Frappier, Turner, & Engel L.P.*, No. 4:13-cv-2481, 2013 U.S. Dist. LEXIS 182032, at *4 (S.D. Tex. Dec. 24, 2013) (quoting *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted)). A frivolous claim has no "arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). If the district court finds no "legal points arguable on their merits," then an appeal is not taken in "good faith." *Howard*, 707 F.2d at 220.

Davis's motion for leave to appeal without prepaying fees fails to satisfy Rule 24. The affidavit states only that Davis is financially unable to pay the required fees. It does not state a claim for entitlement to redress or identify the issues to be presented on appeal.

Reviewing the record in this case, including the Notice of Appeal, the pleadings, and the court's previous rulings, the court finds no nonfrivolous arguments on the law or the facts of this case to support a finding that this appeal is taken in good faith. Davis failed to plead any facts in her complaint to establish entitlement to relief under Title VII. She did not identify any specific information about how the treatment she received was because of her race or sex. Davis provided little to no information about the positions she alleged she was not selected for, including whether she was qualified for them or applied for them at all. Davis stated no facts to establish that she was engaged in Title VII-protected activity that would give rise to a retaliation claim. This court explicitly warned Davis that her complaint fell short of the pleading requirements and made clear that failing to amend to allege specific facts would result in dismissal with prejudice. Davis did not address the pleading problems. Based on the record and Davis's affidavit, the court finds that this appeal lacks an arguable basis in law or in fact and therefore is not taken in good faith. The motion

2

to proceed *in forma pauperis*, (Docket Entry No. 36), is denied.

Davis separately filed a motion to proceed *pro se* and allow her attorney, Chukwudi Egbuonu, to withdraw from the case. (Docket Entry No. 36). Mr. Egbuonu has agreed to the motion. That motion is granted.

SIGNED on January 30, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge